IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,          :
            Plaintiff         :
      v.                      : Civil Action No. 05-27J
SHEETZ,                       :
            Defendant         :

### Report and Recommendation

Orders and Recommendation

Plaintiff filed a pro se complaint citing 42 U.S.C.§ 1983, 42 U.S.C.§ 1985, and the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., against defendant, a convenience store located at 208 Haynes Street in Johnstown, Cambria County. Pending are plaintiff's motion for a default judgment, docket no. 8, defendant's motion to strike the motion for default judgment, docket no. 10, and defendant's motion to dismiss, docket no. 12, as well as plaintiff's motions for leave to proceed in forma pauperis, docket no. 15, docket no. 16.

Plaintiff's motions for leave to proceed in forma pauperis, docket no. 15 and docket no. 16, are denied as superfluous, since plaintiff was already granted leave to proceed in forma pauperis. Plaintiff's motion for a default judgment, docket no. 8, is denied, as is defendant's motion to strike, docket no. 10. Finally, defendant's motion to dismiss, docket no. 12, must be granted. I recommend that this matter be dismissed under Rule 42 without prejudice to proceeding in an earlier complaint.

Report

Plaintiff alleges that he is disabled and uses a wheelchair or crutches, as well as a service dog. He has filed complaints against many area businesses, including several stores

operated by Sheetz. Inc., alleging noncompliance with regulations implementing the Americans with Disabilities Act. In this complaint he alleges that on January 8, 2005, at approximately 6:30 a.m., he was refused service at the Sheetz convenience store at 208 Haynes Street in Johnstown, because he was accompanied by his service dog. Plaintiff filed another civil complaint virtually identical to this one, sub nom. Howarth v. Sheetz, C.A. No. 05-22J, alleging a denial of service for the same reason at the Sheetz store at 490 Central Avenue in Johnstown (only a few blocks away), at approximately 5:00 a.m. on the same day.

Defendant moves to dismiss this complaint because plaintiff did not serve it properly. Defendant is correct. Plaintiff himself (in violation of Fed.R.Civ.P. 4(c)(2), which requires service to be made by a non-party) apparently mailed the complaint and summons to defendant's store at 208 Haynes Street. See docket no. 7 (unsigned return of service). Fed.R.Civ.P. 4(h) permits service of a complaint on a corporation within this district by personal service on an officer or managing or general agent, by service on a statutory agent, or by a method sufficient under Rule 4(e)(1) for service on an individual defendant. Rule 4(e)(1) in turn permits service in this district by any method that would be valid under Pennsylvania law. The ordinary method of service on a corporation in Pennsylvania is by personal service under Pa.R.Civ.P. 424. Richard Johnson Honeyshine Shoe Exp. Services v. U.S. Equity Realty, Inc., 125 F.Supp.2d 695, 699 (E.D.Pa.2000), aff'd w/o op., 275 F.3d 35 (3d Cir.2001). Pa.R.Civ.P. 403, which describes the

method of service by mail, expressly is limited to cases where a separate rule "authorizes original process to be served by mail," most notably in Pa.R.Civ.P. 404, governing service outside Pennsylvania. Plaintiff cannot ordinarily serve a domestic corporation by mail.

Since plaintiff did not serve the complaint properly or file a proper return of service, defendant is not in default. The motion for default judgment is therefore meritless. Defendant's motion to strike is unnecessary. I note, for the benefit of the parties, that even if a party were in default, because default judgments are not favored in this circuit, Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982), unless extreme circumstances are present even a properly entered default or default judgment would usually be set aside or opened.

Since plaintiff had already been granted in forma pauperis status, ordinarily the next step would be for the court to order the Marshal to serve the complaint. See Fed.R.Civ.P. 4(c)(2). However, under Fed.R.Civ.P. 42(a), this court may issue such orders "as may tend to avoid unnecessary costs or delay." Plaintiff has filed several ADA Title III complaints against Sheetz, Inc., stores, presenting similar issues of fact and identical issues of law. To avoid unnecessary duplication of effort by the parties and the court, this matter should be dismissed without prejudice to proceeding at the earlier filed case, Howarth v. Sheetz, C.A. No. 05-22J.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 25 July, 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

David B. Consiglio, Esquire
720 South Atherton Street
State College, PA 16801